UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hartman et al., | No. 2:20-cv-01492-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| United States of America et al., | |
| Defendants. | |

Plaintiffs Jason and Ashley Hartman bring this action against defendants Michael Sampson, the United States, and the County of Butte ("the County") for damages resulting from a motor vehicle collision allegedly due to the County's negligence in not maintaining safe roadways. The County moves to dismiss all claims against it, which are state law claims, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The motion is **denied**.

I.  **BACKGROUND**

On February 14, 2019, Mr. Hartman was traveling down Larkin Road in the County. Compl. ¶ 15, ECF No. 1.[1]  Larkin Road was flooded with standing water due to significant

---

[1] The County requests the court take judicial notice of forms plaintiff filed with the County for claims and damages and its denial notices to plaintiff. Def. Req. J. Notice, Exs. A–B, ECF No. 9-3; Def. Req. J. Notice, Exs. C–D. The Hartmans request the court take judicial notice of their state court complaint with proof of service to defendants, Req. J. Notice, Exs. 1–2, ECF

1

rainfall. *Id*. ¶ 17.  Mr. Hartman saw a motorist whose vehicle was "stranded" in the flood and he stopped to assist.  *Id*. ¶ 19.  Shortly after Mr. Hartman had towed the stranded vehicle to safety, defendant Sampson lost control of his rental car while travelling southbound on Larkin Road. *Id.* ¶ 20.  Mr. Sampson was "inattentive to his surroundings" and driving at a speed "unsafe for the [weather and roadway] conditions." *Id.* ¶ 23.  Mr. Sampson's car hydroplaned on the roadway and collided with Hartman's parked vehicle.  *Id*.  The impact of Mr. Sampson's car propelled Mr. Hartman's vehicle forward, hitting Mr. Hartman, causing him serious injuries.  *Id*.

Plaintiffs allege the County "failed to take action to mitigate dangers" and did not "install and maintain sufficient or adequate warning signs" or otherwise implement safety measures despite being "aware of . . . historical flooding." *Id.* ¶¶ 18, 41.  Consequently, Mr. Hartman experienced "grievous injury to his body," and "great mental, physical and nervous [system] pain and suffering" that resulted in "permanent disability." *Id.* ¶¶ 27–28.  These injuries have "prevented [him] from attending his usual occupation," and damaged his future earning capacity. *Id.* ¶ 30.  He has been "deprived of the use of his vehicle" for a period of time and there was also "damage to said vehicle." *Id.* ¶ 31.

Plaintiffs bring claims of negligence, 28 U.S.C. § 1346(b), and respondeat superior against Michael Sampson and the United States.[2]  Plaintiffs also bring state law claims against the County for "injury caused by a dangerous condition of [the public entity's] property . . . ," Cal. Gov't Code § 835, and a common law claim for loss of consortium against all defendants, *see* Compl. ¶¶ 50–52.

/////

---

No. 12.  The court takes judicial notice of adjudicative facts that are not subject to reasonable dispute.  Fed. R. Evid. 201(b)(1); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equipment, Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("judicial notice of documents attached to or referenced in the complaint [does not] convert[] the motion [to dismiss] into one for summary judgment where the authenticity of the documents are not in dispute.").  The court **grants** both parties' requests for judicial notice.

[2] Previously, the parties dismissed the following defendants: City of Biggs, EAN Holdings, and Enterprise Rent-A-Car.  *See* Stip. Voluntary Dismissal of City of Biggs, ECF No. 21; Stip. Voluntary Dismissal of EAN Holdings, ECF No. 22; Stip. Voluntary Dismissal of Enterprise Rent-A-Car, ECF No. 23.

1  The court has jurisdiction over plaintiffs' federal claims under 28 U.S.C. §§ 1346(b)(1) and 1331 as this action includes claims against the United States and arises under the Federal Tort Claims Act. *See* Compl. ¶ 1. The County moves to dismiss plaintiffs' state law claims against it. *See* Mot. Dismiss, ECF No. 9. Plaintiffs opposed. Opp'n Mem., ECF No. 11; Spangler Decl., ECF No. 13. The court took the motion under submission without a hearing. *See* Minute Order, ECF No. 15.

## II. LEGAL STANDARD

A complaint must be dismissed if there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* A "district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). In a factual attack, however, the court may review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

## III. ANALYSIS

The County argues the court should dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(1) because plaintiffs filed their complaint outside the six-month window provided by the California Tort Claims Act ("CTCA"), California Government Code section 945. The County also argues that the court should dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(6) because plaintiffs' complaint only "vaguely alleges" compliance with the CTCA and therefore fails to state a claim upon which relief can be granted. Mem. P & A at 5, ECF No. 9-1. The court reaches only the first argument as dispositive.

### A. California Tort Claims Act Filing Window

Under the CTCA, plaintiffs must exhaust administrative remedies before filing an action in court for damages against a public entity. *See* Cal. Gov't Code § 945.4. "If a written notice [of rejection] is given," a plaintiff must commence an action "no later than six months after the date such notice . . . is deposited in the mail." Cal. Gov't Code § 945.6(a)(1). If no "written notice is given" plaintiff must commence an action "within two years from the accrual of the cause of action." *Id*. § 945.6(a)(2). The date of accrual is "the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented. State law tort causes of action generally accrue when the wrongful act is committed." *Butler v. Los Angeles Cty*., 617 F. Supp. 2d 994, 1002 (C.D. Cal. 2008) (citing Cal. Gov't Code § 901).

Here, the Hartmans' state law claims accrued on February 14, 2019. *See* Def. Req. J. Notice, Exs. A–B. They had six months from that date, or until August 19, 2019, to present a timely claim to the County. The Hartmans filed their written claim with the County on August 5, 2019. *See generally id*. The County rejected these claims on August 21, 2019. *See* Def. Req. J. Notice, Exs. C–D. Plaintiffs filed their complaint in Butte County Superior Court on February 18, 2020, *see* Req. J. Notice, Exs. 1–2, within six months of the County's administrative denial. The court finds the Hartmans complied with the filing requirements of the CTCA.

### B. Supplemental Jurisdiction

Next, the County argues "exceptional circumstances" warrant the court declining supplemental jurisdiction over plaintiffs' state claims under 28 U.S.C. § 1367(c)(4). Mem. at 7 (citing *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (noting a district court's reasoning for declining supplemental jurisdiction where state law claims substantially predominated over federal law claims)). This argument does not account for the fact that this court has jurisdiction over plaintiffs' federal claims.

Here, judicial economy is best served by granting jurisdiction over the state law causes of action in this matter because the facts arise from a common nucleus of facts, namely the collision that injured Mr. Hartman. *See Mangiaracina v. BNSF Ry. Co.*, No. 16-CV-05270, 2017 WL

4

130250, at *4 (N.D. Cal. Jan. 12, 2017) (court exercised supplemental jurisdiction over state law claims in a personal injury case stemming from single collision because it promoted judicial economy).  Additionally, the court finds exercising supplemental jurisdiction will reduce duplicative discovery and the risk of inconsistent rulings.

### IV.   CONCLUSION

For the foregoing reasons, the County of Butte's motion to dismiss is **denied**.  The County shall file its answer within twenty-one days.

This order resolves ECF Nos. 9 & 12.

IT IS SO ORDERED.

DATED: October 20, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

5