UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jason Hartman, | No. 2:20-cv-1492-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| United States of America, et. al., | |
| Defendants. | |

Plaintiff Jason Hartman requests leave to amend the complaint: (1) to add a negligence premises liability claim against a new defendant (Clint Moffitt) and (2) to "clean up" his complaint to remove references to previously dismissed claims and parties as well as to dismiss defendant Michael Sampson, who is not properly named as a defendant under 28 U.S.C. § 2679(d)(1). As explained below, the motion is **granted**.

I.  **BACKGROUND**

Mr. Sampson, employed by the United States, drove into a flooded roadway in Butte County, hydroplaned, and struck a vehicle, which then hit Mr. Hartman. Compl. ¶¶ 15–23, ECF No. 1. Mr. Hartman and his spouse brought this case against the United States, Mr. Sampson, County of Butte, City of Biggs, EAN Holdings, and Enterprise Rent-a-Car, alleging claims for negligence, respondent superior, dangerous condition of public property, and loss of consortium. *See generally id*. As the case progressed, Mr. Hartman's spouse voluntarily dismissed her claim

for loss of consortium, and Mr. Hartman voluntarily dismissed his claims against the City of Briggs, EAN Holdings, and Enterprise Rent-a-Car. *See* Stips., ECF Nos. 21, 22, 23, 36.

The scheduling order for this case incorporates the court's standing scheduling order. Min. Order, ECF No. 33. Under the standing order, "no further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown."[1] On September 6, 2022, in discovery, Mr. Hartman learned the property owner next to the roadway, Clint Moffitt, bears some responsibility for the flooded roadway, as he had improperly changed the drainage flow on his property. *See* Spangler Decl. ¶¶ 6–8, ECF No. 42-2. Mr. Hartman seeks to add a negligence premises liability claim against Mr. Moffitt, and to "clean up" the pleadings to remove references to previously dismissed claims and parties as well as to dismiss Mr. Sampson as a defendant under 28 U.S.C. § 2679(d)(1). *See generally* Mem. of P. & A., ECF No. 42-1. Defendant United States supports the motion. *See id.* at 3–4. The motion is unopposed by defendant County of Butte. *See id.* The court submitted the matter without oral argument and resolves it here. Min. Order, ECF No. 44.

If the court grants the motion, the parties also request a modification of the scheduling order to allow additional discovery. *See* Stip. (Sept. 26, 2022), ECF No. 41. The court inadvertently denied the stipulation, which it reviewed before reaching the merits of the pending motion. *See* Stip. & Order, ECF No. 43. For the reasons below, the court **grants** Mr. Hartman's motion for leave to amend. The court also vacates its prior order denying the parties' stipulation and now approves it.

**II.     LEGAL STANDARD**

A party seeking to amend the Rule 16 scheduling order must first satisfy the "good cause" standard of Rule 16(b)(4). *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). A moving party may demonstrate "good cause" by (1) diligently assisting the court in creating a workable Rule 16 order, *see Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal.

---

[1] Although referenced in the scheduling order, putting the parties on notice, the court's standing scheduling order inadvertently was not filed on the docket at the time the scheduling order issued. The court will direct its filing concurrently with this order.

1999); (2) explaining why circumstances beyond that party's control prevented compliance, *see Johnson*, 975 F.2d at 609; or (3) promptly and diligently seeking to amend the scheduling order, *see Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).

If "good cause" exists, the movant next must satisfy Rule 15(a)(2), which provides as a general matter that district courts should "freely give leave" to amend the pleadings "when justice so requires." The Ninth Circuit has "stressed Rule 15's policy of favoring amendments*.*" *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). The court considers the following five factors when determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013).

### III. ANALYSIS

#### A. Adding Clint Moffitt as a Defendant

Mr. Hartman seeks to add a negligence premises liability claim against Mr. Moffitt. Here, the "good cause" standard is met. Mr. Hartman learned about Mr. Moffitt's alleged involvement with respect to his accident on September 6, 2022. Spangler Decl. ¶ 6–8. He promptly filed this motion on September 26, 2022. *See* Mot. The parties reasonably agree there is "good cause" for their proposed modification of the scheduling order. Stip. at 2 (Sept. 26, 2022).

Because "good cause" exists, the court next considers the Rule 15 factors. The court perceives no bad faith or prejudice on plaintiff's part, against Mr. Moffitt or any other defendant, as signaled by the parties' stipulating to the scheduling order's modification to allow more time for discovery. *See id.*; *United States ex rel. Schmuckley v. Rite Aid Corp.*, 2021 WL 1295391, at *3 (E.D. Cal. Apr. 7, 2021) (finding prejudice not a concern where time allowed to complete discovery and plaintiffs had not "used the sharp practices that have been evidence of bad faith in other actions" such as "proposed amendments that would deprive the court of jurisdiction"). Although some delay due will be occasioned by the extension of the discovery cutoff, Mr. Hartman moved expeditiously in seeking the amendment, and "delay alone is insufficient to provide grounds for denying leave to amend, though it is a relevant factor." *Abels v. JBC Legal*

*Grp., P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005). Moreover, the amendment would not clearly be an exercise in futility. *Cf. Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'"). Finally, Mr. Hartman has not previously amended his complaint, which weighs in favor of granting leave to amend. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 738.

Accordingly, the court **grants** Mr. Hartman's motion for leave to add a negligence premises liability claim against Mr. Moffitt.

### B. Removing Previously Dismissed Claim and Parties, and Dismissing Michael Sampson as a Defendant

Mr. Hartman further seeks to "clean up" his complaint to remove references to previously dismissed claims and parties as well as dismiss Mr. Sampson, who is not properly named as a defendant under 28 U.S.C. § 2679(d)(1).[2] *See* Mot. The court approves allowing the proposed amendments. Here as well there is no showing of bad faith, undue delay, prejudice to the opposing party, or futility of amendment and Mr. Hartman has not previously amended his complaint. *Cf. Pac. Aerosupplies, Ltd. v. Dakota Air Parts Int'l, Inc.*, 2013 WL 12085471, at *2 (D. N.D. Jan. 17, 2013) (granting motion to amend complaint to drop certain claims, add claim, and otherwise "clean up" allegations).

/////
/////
/////

---

[2] "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

4

## IV. CONCLUSION

The court **grants** the plaintiff's motion for leave to file his first amended complaint to:

- Add a negligence-premises liability claim against Clint Moffitt.
- Remove references to previously dismissed claims and parties as well as to dismiss Michael Sampson as a defendant.

The court also **vacates** the previous order, filed at ECF No. 43, denying the parties' stipulation, and **approves** it in light of this order.

Any amended complaint shall be filed **within 14 days**.

This order resolves ECF No. 42.

IT IS SO ORDERED.

DATED: October 25, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE