1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON HARTMAN,                              No.  2:20-cv-01492-DC-SCR

12              Plaintiff,

13        v.                                     ORDER GRANTING DEFENDANT CLINT
                                                 MOFFITT'S MOTION FOR A
14   UNITED STATES OF AMERICA, et al.,           DETERMINATION OF GOOD FAITH
                                                 SETTLEMENT
15              Defendants.
                                                 (Doc. Nos. 71, 74)
16

17        This matter is before the court on the unopposed motion for a determination of good faith

18   settlement filed by Defendant Clint Moffitt on September 26, 2024.[1] (Doc. No. 74.) Specifically,

19   during an official mediation with a retired judge, Defendant Moffitt and Plaintiff reached a

20   settlement in this personal injury tort action that provides for Defendant Moffitt to pay $100,000

21   to Plaintiff in exchange for a release of any and all claims pertaining to Plaintiff's economic and

22   non-economic damages (alleged to be approximately $400,000), with both parties bearing their

23   respective attorneys' fees and costs. (*Id.* at 3, 7.) Defendant Moffitt therefore seeks a court order

24   determining that his settlement with Plaintiff was entered into in good faith in accordance with

25   section 877.6 of the California Code of Civil Procedure and that all claims brought against him in

26

27   _____

     [1]  Defendant Moffitt filed a defective application for a determination of good faith settlement on
     September 13, 2024 (Doc. No. 71), which led the court to order Defendant Moffitt to re-file his
28   motion in compliance with the Local Rules (Doc. No. 73).

                                                    1

1    this action be dismissed. (*Id.* at 7–8.) The other two remaining defendants, Defendant United

2    States of America and Defendant County of Butte, each filed notice of non-opposition to the

3    pending motion. (Doc. Nos. 76, 78.) On October 28, 2024, Plaintiff filed a notice to notify the

4    court that all parties are unopposed to the granting of Defendant Moffitt's motion for a

5    determination of good faith settlement. (Doc. No. 80.)

6         Sections 877 and 877.6 of the California Code of Civil Procedure[2] provide that in a case

7    with two or more joint tortfeasors, a tortfeasor may enter into a good faith settlement to discharge

8    their liability in that case and bar future claims. *See Zahnleuter v. Lenhart*, No. 2:20-cv-02492-

9    KJM-KJN, 2023 WL 2899255, at *1 (E.D. Cal. Mar. 6, 2023) ("Under California Code of Civil

10   Procedure sections 877 and 877.6, a court may discharge a settling party from future liability in a

11   case "in which it is alleged that two or more parties are joint tortfeasors.") (citing Cal. Civ. Proc.

12   Code § 877.6(a)(1)). Specifically, "[a] determination by the court that the settlement was made in

13   good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the

14   settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative

15   indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code

16   § 877.6(c).

17        For the purposes of this statute, a settlement is made in good faith if it is within a

18   "reasonable range" of the settling tortfeasor's proportionate share of liability to the plaintiff.

19   *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). In *Tech-Bilt*, the

20   California Supreme Court adopted the "reasonable range" test and outlined several factors that

21   courts must consider when an application for a determination of a good faith settlement is

22   contested. *Id.* at 492–502. However, when an application for a good faith settlement

23   determination is not opposed, both California and federal district courts "have found

24   _____

25   [2] The operative first amended complaint alleges that the court has supplemental jurisdiction over
     Plaintiff's sole claim brought against Defendant Moffitt for premises liability negligence under

26   California law. (Doc. No. 48 at ¶¶ 2, 43–53.) "When a district court sits in diversity, or hears state
     law claims based on supplemental jurisdiction, the court applies state substantive law to the state

27   law claims." *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th
     Cir. 2011). In the Ninth Circuit, "California Code of Civil Procedure section 877 constitutes

28   substantive law." (*Id.*)

1    consideration of [the *Tech-Bilt*] factors unnecessary." *Spitzer v. Aljoe*, No. 13-cv-05442-MEJ,

2    2015 WL 6828133, at *4 (N.D. Cal. Nov. 6, 2015) (collecting cases); *see also City of Grand*

3    *Terrace v. Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (1987).

4            As noted above, the only remaining defendants in this case and Plaintiff have all notified

5    the court that they do not oppose Defendant Moffitt's motion for a determination that his

6    settlement with Plaintiff was made in good faith. Thus, the court need not consider the *Tech-Bilt*

7    factors. The court has nonetheless reviewed Defendant Moffitt's supporting memorandum as well

8    as the declaration of his attorney Kimberly Black, and finds that his settlement with Plaintiff was

9    made in good faith. Therefore, the court will grant Defendant Moffitt's pending motion for

10   determination of a good faith settlement.

11           Accordingly:

12       1.    Defendant Clint Moffitt's motion for a determination of a good faith settlement

13             (Doc. Nos. 71, 74) is granted; and

14       2.    The parties shall file dispositional documents as to Plaintiff's claims against

15             Defendant Clint Moffitt by no later than fourteen (14) days from the date of entry

16             of this order.

17

18           IT IS SO ORDERED.

19   Dated:    **October 30, 2024**                          _____

20                                                           Dena Coggins
                                                             United States District Judge

21

22

23

24

25

26

27

28

3