1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      JASON HARTMAN,                              No.  2:20-cv-01492-DC-SCR

12                 Plaintiff,

13            v.                                    ORDER GRANTING DEFENDANT
                                                    COUNTY OF BUTTE'S MOTION FOR A
14      UNITED STATES OF AMERICA, et al.,           DETERMINATION OF GOOD FAITH
                                                    SETTLEMENT
15                 Defendants.
                                                    (Doc. No. 86)
16

17            This matter is before the court on the motion for a determination of good faith settlement

18      filed by Defendant County of Butte ("County") on February 27, 2025. (Doc. No. 86.)

19      Specifically, at a private mediation with the Honorable Kendall J. Newman, Ret., on January 29,

20      2025, Plaintiff agreed to settle all claims against the remaining defendants, Defendant United

21      States and Defendant County, in this personal injury tort action.[1] (*Id.* at 2.) Defendant County

22      agreed to pay Plaintiff $500,000.00, and Defendant United States tentatively agreed to pay

23      Plaintiff $3,590,000. (*Id.*) Because federal agency approval of the settlement as to Defendant

24      United States is anticipated to take between four to six months, Defendant requests in the pending

25      motion that the court determine that its settlement with Plaintiff is made in good faith. (*Id.*) On

26

27      [1] On October 31, 2024, the court issued an order determining that the settlement agreement
        between Plaintiff and Defendant Clint Moffitt, in which Defendant Moffitt agreed to pay Plaintiff
28      $100,000.00, was made in good faith. (Doc. No. 81.)

                                                    1

1   March 13, 2025, Defendant United States filed a statement of non-opposition to Defendant

2   County's pending motion. (Doc. No. 88.)

3          Pursuant to the terms of their settlement, Plaintiff agrees to release any and all claims

4   brought against Defendant County and to dismiss all claims brought against Defendant County in

5   this action. (Doc. No. 86-1 at 4.) In consideration, Defendant County agrees to pay Plaintiff

6   $500,000.00. (*Id.*) According to Defendant County, this "settlement represents an agreement that

7   was reached through extensive arms-length mediation negotiations among the mediator, the

8   parties, and their respective counsel." (*Id.*) Defendant County therefore seeks a court order

9   determining that its settlement with Plaintiff was entered into in good faith in accordance with

10  section 877.6 of the California Code of Civil Procedure and that all claims brought against it in

11  this action be dismissed. (*Id.* at 9.)

12         Sections 877 and 877.6 of the California Code of Civil Procedure[2] provide that in a case

13  with two or more joint tortfeasors, a tortfeasor may enter into a good faith settlement to discharge

14  their liability in that case and bar future claims. *See Zahnleuter v. Lenhart*, No. 2:20-cv-02492-

15  KJM-KJN, 2023 WL 2899255, at *1 (E.D. Cal. Mar. 6, 2023) ("Under California Code of Civil

16  Procedure sections 877 and 877.6, a court may discharge a settling party from future liability in a

17  case "in which it is alleged that two or more parties are joint tortfeasors.") (citing Cal. Civ. Proc.

18  Code § 877.6(a)(1)). Specifically, "[a] determination by the court that the settlement was made in

19  good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the

20  settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative

21  indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code

22  § 877.6(c).

23         For the purposes of this statute, a settlement is made in good faith if it is within a

24  _____

25  [2] The operative first amended complaint alleges that the court has supplemental jurisdiction over
    Plaintiff's sole claim brought against Defendant County for liability based on a dangerous

26  condition of public property under Government Code § 835. (Doc. No. 48 at ¶¶ 2, 28–42.) "When
    a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the

27  court applies state substantive law to the state law claims." *Mason & Dixon Intermodal, Inc. v.
    Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). In the Ninth Circuit, "California Code

28  of Civil Procedure section 877 constitutes substantive law." (*Id.*)

1    "reasonable range" of the settling tortfeasor's proportionate share of liability to the plaintiff.

2    *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). In *Tech-Bilt*, the

3    California Supreme Court adopted the "reasonable range" test and outlined several factors that

4    courts must consider when an application for a determination of a good faith settlement is

5    contested. *Id.* at 492–502. However, when an application for a good faith settlement

6    determination is not opposed, both California and federal district courts "have found

7    consideration of [the *Tech-Bilt*] factors unnecessary." *Spitzer v. Aljoe*, No. 13-cv-05442-MEJ,

8    2015 WL 6828133, at *4 (N.D. Cal. Nov. 6, 2015) (collecting cases); *see also City of Grand*

9    *Terrace v. Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (1987).

10        As noted above, the only other remaining defendant in this case, Defendant United States,

11   has notified the court that it does not oppose Defendant County's motion for a determination that

12   its settlement with Plaintiff was made in good faith. Indeed, counsel for Defendant United States

13   participated in the same private mediation and likewise settled with Plaintiff that same day. Thus,

14   the court need not consider the *Tech-Bilt* factors. The court has nonetheless reviewed Defendant

15   County's supporting memorandum as well as the declaration of his attorney Matthew W. Gross,

16   and finds that Defendant County's settlement with Plaintiff was made in good faith. Therefore,

17   the court will grant Defendant County's pending motion.

18        Accordingly:

19        1.    Defendant County of Butte's motion for a determination of a good faith settlement

20              (Doc. No. 86) is GRANTED; and

21        2.    The parties shall file dispositional documents as to Plaintiff's claims against

22              Defendant County of Butte by no later than fourteen (14) days from the date of

23              entry of this order.

24

25        IT IS SO ORDERED.

26   Dated:    __April 10, 2025__                    _____
                                                      Dena Coggins
27                                                    United States District Judge

28

3